IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-HC-02131-BO

| | | |
|---|---|---|
| JOHN BUFORD LYNN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| and L.B. KELLY, | ) | |
| | ) | |
| Respondents. | ) | |

John Buford Lynn ("petitioner"), a federal inmate, filed a petition for a writ of habeas corpus pro se pursuant to 28 U.S.C. § 2241, alleging the Federal Bureau of Prisons ("BOP") failed to apply certain prior credits toward his sentence for time he served in Florida State custody. The matter now is before the court on respondents' unopposed motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) (DE 16). For the following reasons, the court grants respondents' motion.

## BACKGROUND

On June 24, 2024, petitioner filed the instant section 2241 petition in the United States District Court for the Northern District of Florida, and the assigned judge transferred the action to this court. Then, on July 18, 2024, United States Magistrate Judge Robert B. Jones Jr., entered an order of deficiency notifying petitioner that his petition was not filed on the form prescribed for use by this court and that he did not pay the $5.00 filing fee or file his application to proceed without payment of the filing fee. Petitioner next paid the filing fee and filed his petition on the proper form.

On September 3, 2024, respondents filed a motion for summary judgment, arguing, inter alia, that the action should be dismissed without prejudice because petitioner failed to exhaust his administrative remedies. Petitioner did not respond.

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.   Analysis

Respondents contend petitioner's action should be dismissed without prejudice because petitioner failed to exhaust his administrative remedies. A federal prisoner challenging the execution of his sentence must exhaust administrative remedies before seeking review in federal court pursuant to 28 U.S.C. § 2241. See Woodford v. Ngo, 548 U.S. 81, 88-89 (2006); Timms v. Johns, 627 F.3d 525, 530-531 (4th Cir. 2010) (holding that a prisoner must exhaust his administrative remedies prior to pursuing habeas corpus relief pursuant to § 2241); McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam); Posey v. United States Parole

2

Commission, No. 5:16-HC-2106-FL, 2018 WL 1384638, at *5 (E.D.N.C. Mar. 19, 2018) (citation omitted).

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written administrative remedy request to the warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the warden's response, he then may appeal to the BOP's regional director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15.

Here, petitioner has filed no administrative remedy requests during his incarceration with the BOP. See ((DE 19-1) ¶ 28); (DE 19-20). Petitioner has not established "exceptional circumstances" warranting excuse of exhaustion. See, e.g., Timms, 627 F.3d at 530–31, 533; Romo v. Heckard, No. 5:23-HC-02215-M, 2025 WL 581159, at *4 (E.D.N.C. Feb. 21, 2025). Thus, the court grants respondents' motion for summary judgment, and dismisses petitioner's section 2241 petition without prejudice for failure to exhaust administrative remedies

## CONCLUSION

In summary, respondents' motion for summary judgment (DE 16) is GRANTED, and petitioner's § 2241 petition is DISMISSED without prejudice to allow petitioner the opportunity to exhaust his administrative remedies. The certificate of appealability is DENIED. See 28 U.S.C. § 2253(c); Buck v. Davis, 580 U.S. 100, 115 (2017); Miller-El v. Cockrell, 537 U.S. 322, 335-38

3

(2003); Slack v. McDaniel, 529 U.S. 473, 478, 483-85 (2000). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 12 day of March, 2025.

*/s/ Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge